UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEVI A. LAKE,<br><br>               Plaintiff,<br>    v.<br><br>PREMIER FINANCIAL SERVICES, INC. et al.,<br><br>               Defendants. | CASE NO. C17-0495JLR<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

## I. INTRODUCTION

Before the court is Defendant MTGLQ Investors, L.P.'s ("MTGLQ") motion to dismiss this action. (Mot. (Dkt. # 8).) Plaintiff Levi A. Lake opposes MTGLQ's motion. (Resp. (Dkt. # 14).) The court has considered MTGLQ's motion, Mr. Lake's response, all submissions filed in support of and opposition to the motion, the relevant portions of the record, the judicially noticed public records as described in this order, and the

//

applicable law. Being fully advised,[1] the court GRANTS the motion and dismisses Mr. Lake's complaint without prejudice and with leave to amend.

## II. BACKGROUND

This case arises from a nonjudicial foreclosure. Mr. Lake seeks to quiet title to the property in question (FAC (Dkt. # 13) ¶¶ 5.1-5.4) and a declaration that Mortgage Electronic Registry Systems, Inc. ("MERS") is not a legal beneficiary under the deed of trust (*id.* ¶¶ 4.1-4.2.) On November 7, 2005, Mr. Lake refinanced the existing promissory note on his home with a loan from Defendant Premier Financial Services, Inc. ("Premier"). (*Id.* ¶ 3.2.) The loan is secured by a deed of trust encumbering Mr. Lake's residence, a condominium in Kirkland, Washington (the "Property"). (*Id.*) At the time the parties signed the deed of trust, Mr. Lake was the borrower, Premier was the lender, and Fidelity National Title was the trustee. (1st McIntosh Decl. (Dkt. # 9) ¶ 2, Ex. A, ("Deed of Trust").)[2] In addition, the deed of trust lists MERS as the beneficiary, solely as nominee of the lender and the lender's successors and heirs. (*Id.*)

//

---

[1] No party requested oral argument, and the court determines that oral argument would not help its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Generally, a district court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). However, the court may take judicial notice of matters of public record. *See Coto Settlement v. Elsenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). There are a number of public records appended to Joseph W. McIntosh's declarations. (1st McIntosh Decl.; 2nd McIntosh Decl. (Dkt. # 18).) The court takes judicial notice of these public records, and considers them for the purpose of this motion to dismiss. *See Allshouse v. Caliber Home Loans, Inc.*, No. CV1401287DMGJCX, 2014 WL 12594210, at *3 (C.D. Cal. Oct. 29, 2014) (Observing that "[c]ourts routinely take judicial notice of assignments of deed of trust and similar recorded documents in evaluating motions to dismiss.)

Despite occupying the Property, Mr. Lake ceased payments on his loan in 2010. (FAC ¶ 3.11.) On August 5, 2010, AmTrust Bank, as servicer of the loan, notified Mr. Lake that he was in default and that AmTrust would accelerate the remainder of the amount owed if Mr. Lake did not make a payment within 30 days. (*Id.*) Mr. Lake made no payments, and AmTrust accelerated the entire amount due on September 5, 2010. (*Id.*)

On October 25, 2010, a representative of MERS assigned the deed of trust to New York Community Bank ("NYCB"). (*Id.* ¶ 3.5.) On August 25, 2011, NYCB assigned the deed of trust to Nationstar Mortgage LLC ("Nationstar"). (*Id.* ¶ 3.6.) The assignment to Nationstar was recorded in King County on October 20, 2011. (*Id.*) Nationstar appointed Quality Loan Service Corporation of Washington ("Quality") as successor trustee on December 31, 2015. (FAC ¶ 3.9.) On January 29, 2016, Quality served a notice of default on the Property. (2nd McIntosh Decl. ¶ 2, Ex. A ("Notice of Tr. Sale") § VI.) On January 17, 2017, Nationstar assigned the deed of trust to MTGLQ. (FAC ¶ 3.10.) On April 18, 2017, MTGLQ recorded a notice of trustee's sale on April 18, which scheduled a sale of the Property for August 25, 2017. (Notice of Tr. Sale § IV.)

Mr. Lake filed this action in King County Superior Court on March 15, 2017. (*See* Compl. (Dkt. # 1-1).) MTGLQ removed the action to this court on March 29, 2017. (Not. of Rem. (Dkt. # 1).) On March 30, 2017, MTGLQ filed its motion to dismiss the

//

//

//

complaint. (*See* Mot.) On April 17, 2017, Mr. Lake filed an amended complaint (*see* FAC)[3] and responded to the motion to dismiss (*see* Resp.)[4]

Mr. Lake alleges that any claims to enforce the loan are time-barred. (FAC ¶¶ 5.3-5.4.) MTGLQ contends that the statutory notice of default issued and posted in January 2016 timely initiated the non-judicial foreclosure. (Mot. at 2 (citing *Edmundson v. Bank of Am., NA*, 378 P.3d 272, 277 (Wash. Ct. App. 2016)).) Mr. Lake responds that the chain of title was imperfect and thus argues that the notice of default did not properly initiate the foreclosure process. (Resp. at 3-4.)

### III.   ANALYSIS

**A.   Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). In deciding a motion to dismiss, the court may consider the pleadings, documents attached to the pleadings, documents that are judicially noticed, and

//

---

[3] Mr. Lake filed his first amended complaint on April 17, 2017, fewer than 21 days after MTGLQ served its Rule 12(b) motion. (*See* FAC; Mot). Because MTGLQ has not filed a responsive pleading to Mr. Lake's original complaint, Mr. Lake's amendment as a matter of course was proper under Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a)(1)(B).

[4] Mr. Lake also filed and subsequently withdrew a motion to remand. (*See* Mot. to Remand (Dkt. # 15); Not. to Withdraw Mot. to Remand (Dkt. # 22).)

documents that the pleadings incorporate by reference. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

A pleading may fail to state a claim under Rule 12(b)(6) "either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court need not accept as true a legal conclusion presented as a factual allegation. *Iqbal*, 556 U.S. at 678. Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.* Thus, a complaint must contain sufficient factual allegations to "plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## B. Application of MTGLQ's Motion to Mr. Lake's Amended Complaint

Mr. Lake filed an amended complaint after MTGLQ filed its motion to dismiss the original complaint. (*See* FAC; Mot). "[T]he general rule is that an amended complaint supercedes [sic] the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011). Courts often extend this and deny as moot motions to dismiss a complaint that has since been superseded. *See, e.g.*, *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009). If, however, the amended complaint suffers from the same deficiencies as the original complaint, it is within the court's discretion to consider a motion addressing the original complaint as if it addresses the amended complaint. *See, e.g.*, *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999); *see also* 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2012) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading" (internal citations omitted)). Here, the court exercises its discretion to apply MTGLQ's arguments to Mr. Lake's amended complaint.

## C. Mr. Lake's Claims

Mr. Lake seeks two related remedies. First, Mr. Lake seeks a declaratory judgment that MTGLQ has no interest in the Property or deed of trust because MERS "was not a lawful beneficiary of the Deed of Trust," and thus the chain of title was *void*

*ab initio.* (FAC ¶¶ 5.1-5.4.) In addition, Mr. Lake seeks to quiet title to the Property. (*Id.* ¶¶ 4.1-4.2.)

1. Declaratory Judgment

Mr. Lake asks the court for a declaration that MERS was not a lawful beneficiary of the deed of trust, and as a result, MERS's assignment of interest to NYCB has no legal effect. (*Id.* ¶¶ 4.1-4.2.) MERS bases its putative status as a beneficiary upon the following language in the deed of trust:

> MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. . . .
>
> TRANSFER OF RIGHTS IN THE PROPERTY
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.

(Deed of Trust at 2-3.)

In *Bain v. Metropolitan Mortgage Group*, the Supreme Court of Washington held as a matter of statutory interpretation that designating an entity as a beneficiary in a deed of trust does not necessarily make that entity a beneficiary. 285 P.3d 24, 47 (Wash. 2012.) The Court reasoned that "beneficiary" under the Washington Deed of Trust Act means one who "actually possess[es] the promissory note or [is] the payee," and that the contracting parties were not free to write around the statutory definition of that term of art. *Id.* at 44. However, the *Bain* Court expressly acknowledged that beneficiaries may appoint agents to represent them. *Id.* at 45. The Court recognized that the Washington Deed of Trust Act approves of the use of agents in enforcing contractual obligations, and

though the Court held that MERS was not an agent of successor beneficiaries by virtue of the language contained within the deed of trust, the Court did not determine whether that language created an agency relationship between MERS and the initial beneficiary. *Id.* at 46 ("MERS offers no authority for the implicit proposition that the lender's nomination of MERS as a nominee rises to an agency relationship with successor noteholders.")

Under *Bain*, MTGLQ cannot rely on the contractual characterization of MERS as a beneficiary to demonstrate that MERS had the power to convey beneficial interest. *Id.* Nor can MTGLQ rely on the contractual language characterizing MERS as a "nominee for Lender and Lender's successors and assigns" to demonstrate an agency relationship between MERS and a successor beneficiary. *See id.* at 47; *see also Pewitt v. Peak Foreclosure Servs. of Wash., Inc.*, No. 2:15-CV-173-RMP, 2015 WL 6738850, at *5 (E.D. Wash. Nov. 4, 2015). However, in this case MERS transferred interest from the initial beneficiary—Premier—to a successor beneficiary—NYCB. (FAC ¶ 3.5.) This case therefore differs from *Pewitt*, in which MERS transferred interest from one successor beneficiary to another, and the court held the transfer void. 2015 WL 6738850 at *3.

This court has held that language in a deed of trust designating an entity as a beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns" does create an agency relationship between that entity and the initial beneficiary. *See Zhong v. Quality Loan Serv. Corp of Wash.*, C13-0814JLR, 2013 WL 5530583, at *3 (W.D. Wash. Oct. 7, 2013) (dismissing a quiet title claim premised on the invalidity of a chain of title that included a transfer of interest by MERS;) *see also Andrews v.*

*Countrywide Bank, N.A.*, 95 F. Supp 3d, 1298, 1301 (W.D. Wash. Apr. 1, 2015). Furthermore, unlike in *Pewitt*, in this case the assignment of interest itself specifies that MERS assigned Premier's interest "as nominee for Premier." *Pewitt*, 2015 WL 6738850 at *4; (*see* FAC ¶ 3.5.) Mr. Lake fails to plead that MERS was not Premier's agent, and the deed of trust and assignment unequivocally show such an agency relationship existed.[5] The court thus rejects the theory underpinning Mr. Lake's declaratory judgment claim, and grants MTGLQ's motion to dismiss as to that claim.

2. Action to Quiet Title

Mr. Lake seeks to quiet title to the Property. (FAC ¶¶ 4.1-4.2.) An action to quiet title is "an equitable proceeding designed to resolve competing claims of property ownership." *Walker v. Quality Loan Serv. Corp.*, 308 P.3d 716, 728 (Wash. Ct. App. 2013.) For the reasons that follow, the court dismisses Mr. Lake's action to quiet title.

A borrower can only maintain a quiet title action against a beneficiary of a deed of trust if the debt that the deed of trust secures is discharged. *See Evans v. BAC Home Loans Servicing LP*, C10-0656RSM, 2010 WL 5138394, at *3 (W.D. Wash. Dec. 10, 2010); *also see Velasco v. Discover Mortg. Co.*, No. 4562-7-II, 2015 WL 1753677, at

//

//

---

[5] In addition, Mr. Lake has failed to allege that MTGLQ does not hold the note. (*See generally* FAC.) The actual holder of the note is a lawful beneficiary. *See Lynott v. Mortg. Elec. Registration System*, C12-5572RBL, 2012 WL 5995053, at * 2 (W.D. Wash. Nov. 30, 2012). Thus, even if MERS's assignment was not legally effective, Mr. Lake has failed to plead facts sufficient to support his claim for a declaration that "MTGLQ has no interest in the Property of the Deed of Trust." (*See* FAC ¶ 4.2.) MTGLQ could have such an interest by virtue of holding the note.

*11 (Wash. Ct. App. Apr. 14, 2015) (unpublished).[6] Mr. Lake does not allege that the debt is discharged, and admits to making no payments on the debt since 2010. (*See* FAC ¶¶ 4.1-4.2.) Mr. Lake instead alleges that the statute of limitations has run and bars any future enforcement of the rights provided for in the deed of trust as security for the debt. (*See id.*) Mr. Lake alleges that the statutory period to enforce the contract began on September 5, 2010, when the entire amount due under the note was accelerated. (FAC ¶¶ 5.2-5.3.) The Washington statute of limitations for enforcement of negotiable instruments provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." RCW 62.A.3-118(a). Assuming that the debt was accelerated on September 5, 2010, Mr. Lake correctly calculates that the statutory window to commence an enforcement action closed on September 5, 2016. MTGLQ argues that Quality's notice of default on January 29, 2016, commenced the action to enforce Mr. Lake's obligation to pay the note, and therefore the pending non-judicial foreclosure is not time-barred. (Mot. at 4.)

Issuing a notice of default is the first step toward a non-judicial foreclosure and is part and parcel of the same enforcement action as the eventual sale. *See* RCW 61.24.030 (listing issuance of a notice of default as a prerequisite to a trustee's sale.) Serving a

//

---

[6] "[W]e may consider unpublished state decisions, even though such opinions have no precedential value." *Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

written notice of default constitutes commencement of an action to enforce an obligation under a promissory note. *Edmundson v. Bank of Am.*, 378 P.3d 272, 277 (holding that when such notice precedes the running of the six-year statute of limitations, "[t]hat is all that is required"). Thus, if Quality had the power to issue a notice of default, such issuance seven months prior to September 5, 2016, would render the non-judicial foreclosure timely. *See id.*

As discussed above, MERS acted as an agent of Premier when MERS executed the October 25, 2010, assignment transferring Premier's interests to NYCB.[7] (*See* FAC ¶ 3.5.; *supra* § III.C.1.) NYCB, as Premier's successor in interest, acted within its power when it assigned its interests to Nationstar. (FAC ¶ 3.6.) Nationstar recorded the appointment of Quality as a successor trustee on January 31, 2015. (*Id.* ¶ 3.9.) As the successor in interest to the original beneficiary, Nationstar had the power to appoint a successor trustee. *See* RCW 61.24.010(2). The Washington Deed of Trust Act vests in trustees the power to issue a notice of default. *See* RCW 61.24.040(1)(a). Thus, the pleadings and judicially noticed public records show that Quality had the power to issue the notice of default and did so within the statute of limitations.

Even if the transfers of beneficiary interest prior to Nationstar's appointment of Quality were subject to a challenge, Mr. Lake lacks standing to challenge the assignment because he has not alleged that he is at a genuine risk of paying the same debt twice. (*See*

//

---

[7] Mr. Lake challenges this transfer in part due to Premier's administrative dissolution, which allegedly occurred in 2008. (FAC ¶ 3.5.) However, the administrative dissolution of a corporation does not nullify its ability to transfer property. *See* RCW 25.15.297.

*generally* FAC); *Borowski v. BNC Mortg. Inc.*, No. C12-5867RJB, 2013 WL 4522253, at *5 (W.D. Wash. Aug 27, 2013) ("[T]here is ample authority that borrowers, as third parties to the assignment of their mortgage (and securitization process), cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of paying the same debt twice if the assignment stands.")

Finally, Mr. Lake fails to allege that Nationstar did not hold the promissory note on January 31, 2015, when Nationstar appointed Quality as a successor trustee. (*See generally* FAC.) Nationstar could have had the authority to appoint Quality as a successor trustee by virtue of holding the note, even if Nationstar was not the owner of the note. *See Deutsche Bank Nat. Tr. Co. v. Slotke*, 367 P.3d 600, 604 (Wash. Ct. App. 2016). Thus, Mr. Lake has failed to state a claim to quiet title.[8]

3. Leave to Amend

When a court grants a motion to dismiss, the court should ordinarily dismiss the complaint with leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). The policy favoring amendment is to be applied with "extreme liberality." *Id.* at 1051. In determining whether dismissal without leave to amend is appropriate, courts consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

//

---

[8] Although the court is mindful that only MTGLQ has moved to dismiss the complaint, the complaint is dismissed as to all defendants, because the complaint's deficiencies apply to all defendants. *See Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1133 (D. Haw. 2011).

party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of these principles, the court concludes that leave to amend is appropriate here. MTGLQ makes no assertions regarding undue delay, bad faith or dilatory motive. (*See generally* Mot.) Furthermore, the court cannot say at this point that Mr. Lake could not cure the identified deficiencies by amendment. Consequently, the court dismisses Mr. Lake's complaint with leave to amend.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS MTGLQ's motion to dismiss (Dkt. # 8) and DISMISSES Mr. Lake's complaint without prejudice and with leave to amend. Mr. Lake's amended complaint, if any, must correct the deficiencies described herein and must be filed and served no later than twenty (20) days from the entry of this order. The court warns Mr. Lake that failure to timely file an amended complaint that adequately pleads his claim and corrects the deficiencies described herein may result in this court dismissing his action with prejudice.

Dated this 12th day of June, 2017.

JAMES L. ROBART
United States District Judge