**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEVI A. LAKE, an individual, | No. 17-35759 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00495-JLR |
| v. | |
| PREMIER FINANCIAL SERVICES INC, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| MTGLQ INVESTORS LP, a Delaware limited partnership; OHIO SAVINGS BANK, AKA AmTrust Bank, a Delaware Corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted April 11, 2018[**]

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Levi A. Lake appeals pro se from the district court's summary judgment in his diversity action alleging a quiet title claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016), and we affirm.

The district court properly granted summary judgment because Lake failed to raise a genuine dispute of material fact as to whether he was entitled to quiet title on his property. *See* Wash. Rev. Code § 7.28.120 (elements of quiet title claim); *Walker v. Quality Loan Serv. Corp.*, 308 P.3d 716, 728 (Wash. Ct. App. 2013), as modified (Aug. 26, 2013) ("A plaintiff in an action to quiet title must prevail, if he prevails at all, on the strength of his own title, and not on the weakness of the title of his adversary." (citation omitted)); *see also 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 382 P.3d 1, 6 (Wash. Ct. App. 2016) (the deed of trust foreclosure remedy is subject to a six-year statute of limitations).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**